GEORGE COLON & COMPANY, Appellant, v. LOUISE HASSENPFLUG, as Administratrix, etc., of SARAH B. SMITH, Deceased, and Others, Respondents.

First Department, July 1, 1921.

**Liens — mechanic's lien — failure to file in time — expiration of time for filing lien deferred by acquiescence in owner's contention that contract was not completed.**

A lien by a contractor engaged to excavate a foundation is properly filed within ninety days after he had repaired the sidewalk and removed certain rubbish, stones and dirt from the premises, which work was done long after he considered his work completed, on the insistence of the owner that it was a part of the work called for by the contract, where it appears that such work was performed in good faith and in recognition of the owner's contention that the contract had not been completed.

CLARKE, P. J., and DOWLING, J., dissent.

APPEAL by the plaintiff, George Colon & Company, from a judgment of the Supreme Court in favor of the defendants,

entered in the office of the clerk of the county of Bronx on the 30th day of June, 1920, as amended by an order entered in said clerk's office on the 19th day of October, 1920, upon the decision of the court rendered after a trial at the Bronx Special Term dismissing the plaintiff's complaint upon the merits.

*Mortimer M. Menken* of counsel [*Menken Brothers*, attorneys], for the appellant.

*Edward W. Norris* [*Lillian Herbert Andrews* with him on the brief], for the respondent Hassenpflug.

*Daniel Combs*, attorney, for the respondent Globe Indemnity Company.

SMITH, J.:

Michael J. Fitzgerald had a contract with Sarah B. Smith, since deceased, to excavate rock and earth for the foundation for an apartment house to be erected on a triangular parcel of land at the corner of Merriam avenue and University, formerly Aqueduct, avenue. He partly completed the work and then sublet the contract to the plaintiff which completed the work. The plaintiff also had a contract with Sarah B. Smith to put in the foundation for the building. The excavation contract provided that the rock taken out should be used in the foundation, any excess to belong to the contractor, and when plaintiff took over that contract it became the owner of the rock and used what was necessary in building the foundation under the other contract. There is no question about the full performance by both parties of the foundation contract. While Fitzgerald was working on the excavation contract, he found it necessary to obtain from the city a permit to drive across the sidewalk to enable his teams to be used in the work and he asked the owner to put up the necessary $250 security by way of a bond or cash. She put up the $250 in cash as security that the contractor would leave the sidewalk in good condition. The excavation contract was oral and concerning its terms Sarah B. Smith said in a letter of June 5, 1913: " My contract made with Mr. Fitzgerald is as follows: That upon the completion of the excavating of rock and dirt according to the plans filed with the Building Department, he is to receive one-half of

the money due and the balance upon the completion of the building. He was to leave the sidewalk in as good condition as he found it and I deposited $250 for him as a bond with the city authorities. He was to take away all trees and dirt and was to leave a two foot passageway in the rear of the lots on Merriam Avenue level with the street. He has received from me $2,150, the sum of $1,900 by check and the sum of $250 cash as a bond. He therefore has received nearly $6 more than what is due him on the completion of the entire excavation, and no further amount is due until the building is completed. I wrote to Mr. Fitzgerald several days ago telling him of your claim for the payments due for the work and asked him how it was that you were asking me for the money when he was supposed to be the contractor, but he has made no reply to my letter.

" I do not think it advisable to cart any more rock away until foundation walls are completed, as architects looking at the work do not think sufficient rock has been left for all the walls that are to be built."

There was some extra excavation done by the plaintiff so that when that contract was completed there was unpaid on it $3,793.40. At this time there was due from Sarah B. Smith on the original excavation contract $3,500.30, as found by the trial judge. When the plaintiff considered that it had completed the excavation contract and made a request for payment it was met by the statement from Sarah B. Smith that there was dirt and rock on the premises which must be carted away and that the sidewalk had not been repaired or replaced to the satisfaction of the inspector of the city and that this must be done by the contractor. There is some evidence that the original contractor, Fitzgerald, did some work on the sidewalk in November, and there is also evidence undisputed that the plaintiff did work January 5, 6 and 7, 1914, in repairing the sidewalk and in breaking up large rocks and removing rock and rubbish from the premises. While the plaintiff claimed that it had fully completed the work on the excavation contract, it acquiesced in the claim of Sarah B. Smith that the contract was not fully performed and did the work January 5, 6 and 7, 1914, to comply with the interpretation of Sarah B. Smith.

On April 4, 1914, not having been paid by Sarah B. Smith for the excavation work, the plaintiff filed the lien concerning which the trial court has found that it was not filed within ninety days after the completion of the contract. The question to be decided is, was the work of January 5, 6 and 7, 1914, performed in good faith under the contract. The trial judge has found that in making the excavation contract nothing was said about work to be done on the sidewalk; that a second oral contract was made between Fitzgerald and Sarah B. Smith concerning the city permit and the deposit of $250; that the work of January 5, 6 and 7, 1914, was not performed in good faith under the contract; that the plaintiff's notice of lien was not filed within ninety days of the completion of the excavation contract, and refused to find several requests to find proposed by the plaintiff, to all of which due exceptions were taken by the plaintiff. We think that the trial judge was in error and that certain of his findings and refusals were against the weight of evidence. There was ample evidence that the excavation contract included such work as might be necessary to clean up the premises and to repair the sidewalks. While the plaintiff claimed that it was not required to do that work, Sarah B. Smith insisted that the contract did include such work and that it must be done by the plaintiff or Fitzgerald. Fitzgerald and the plaintiff acquiesced in this interpretation and did the work required in good faith under the contract.

We, therefore, reverse the findings 2d, 4th, 5th and 9th and find the facts proposed by the plaintiff in its proposed findings numbered 5th, 7th, 15th, 17th, 20th and 22d in addition to those found and allowed by the trial judge and we make the conclusions of law proposed by the plaintiff except that the amount due on the Fitzgerald contract shall be fixed at $3,500.30 and the judgment hereinbefore entered is reversed, with costs of this appeal to the plaintiff, and judgment ordered in plaintiff's favor, with costs.

PAGE and GREENBAUM, JJ., concur; CLARKE, P. J., and DOWLING, J., dissent.

Judgment reversed, with costs, and judgment ordered in plaintiff's favor, with costs. Settle order on notice.